# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILFREDO SOSA-POLANCO,<br><br>    Plaintiff,<br><br>            v.<br><br>UNITED STATES OF AMERICA, *ET AL.*,<br><br>    Defendants. | CIVIL NO. 17-1327 (JAG) |

## MEMORANDUM AND ORDER

**GARCIA-GREGORY, D.J.**

      Plaintiff Wilfredo Sosa-Polanco ("Plaintiff") brings forth a Motion for Reconsideration (the "motion") arguing that the Court erred when it dismissed his case without prejudice. Docket No. 15. Plaintiff's attorney claims the case should not be dismissed because his failure to serve process on the Attorney General in Washington, D.C. constitutes excusable neglect and his failure to comply with Court deadlines is justifiable due to the devastating impacts of Hurricanes Irma and Maria on his office's electricity and internet. Docket No. 15 at 1-2. The United States of America ("the government") timely opposed the motion. Docket No. 16. For the reasons stated below Plaintiff's motion is **DENIED**.[1]

      First, Plaintiff claims that the Court's Opinion and Order should be reconsidered because his failure to properly serve process on the Attorney General in Washington, D.C. could be found to be excusable neglect. Docket No. 15. The Court disagrees.

---

[1] The Court will not rehash the entire record here, only relevant facts will be included in this Order.

A party seeking relief from a judgment or order under the "excusable neglect" prong of Fed. R. Civ. P. 60(b)(1) must show that its conduct meets that standard. Excusable neglect requires more than a simple neglect, "it requires a further showing that the neglect is excusable." *Nansamba*, 727 F.3d at 38. The Supreme Court has defined "excusable neglect" as:

> [A] failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

*Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 402 (1993) (quoting *Excusable Neglect*, BLACK'S LAW DICTIONARY (6th ed. 1990)).

Plaintiff's Complaint was filed on March 6, 2017, and amended on March 7, 2017. Docket Nos. 1, 4. According to Fed. R. Civ. P. 4(m), Plaintiff's attorney had ninety days to complete service on Defendant; that is, until June 4, 2017. Docket No. 4. Plaintiff's attorney failed to complete proper service on the Attorney General in Washington, D.C. through registered or certified mail within the allotted time. Fed. R. Civ. P. 4(i)(B). Plaintiff's attorney was not diligent in following this basic procedural requirement under the Federal Rules of Civil Procedure. *See In re Krause*, 737 A.2d 874 (R.I. 1999) (stating that a lawyer's failure to effect timely service of process demonstrated negligence). Plaintiff's attorney was put on notice of his defective filing and was provided with ample time to complete service. Docket No. 8. Plaintiff's attorney, however, did nothing to cure the defect or to respond to the Court. Thus, Plaintiff has not convinced the Court that his failure to complete proper service falls under excusable neglect.

Second, Plaintiff has previously shown carelessness in complying with Court deadlines. The government filed a motion to dismiss on August 8, 2017. Docket No. 8. Plaintiff's response was due on September 1, 2017, prior to Hurricanes Irma and Maria. Docket No. 8. Plaintiff's attorney, however, never responded to Defendant's motion to dismiss. The Court even gave Plaintiff a chance to explain why the Court should not consider Defendant's motion as unopposed after the response period had passed. Docket No. 11. Plaintiff again held to his silence. Consequently, the Court dismissed the case without prejudice for improper service and alternatively, for failure to prosecute. Docket No. 13.

Plaintiff now argues that he should be excused, and the case reopened, because he did not receive notification of the Order to Show Cause, or because he "misplaced [the notification] in his email." Docket No. 15 at 2. Plaintiff contends that his failure to respond was because his office was not operational and lacked consistent electrical and internet services as a result of the devastation caused by Hurricanes Irma and Maria. *Id.* Plaintiffs arguments are unavailing. Plaintiff contradictorily admits that the Order may have been misplaced in his e-mail leading the Court to believe that he, indeed, had internet access. *Id.* Moreover, Plaintiff has not provided evidence to the Court showing that he was non-operational. Thus, Plaintiff's proffered excuses are not well taken.

Furthermore, Plaintiff has shown lack of diligence in handling his client's case. Pleading federal law as a defense does not present a federal question.Attorneys arguing before this Court have to comply with the ABA Model Rules of Professional Conduct ("Model Rules"). *See* L. R. Civ. P., 83E(a) (D.P.R 2010) (stating that the Models Rules are incorporated through the Rule 83E(a) of the Local Rules). Rule 1.3 of the Model Rules states that "[p]erhaps no professional shortcoming

is more widely resented than procrastination. A client's interests often can be adversely affected by the passage of time or the change of conditions. . . ." *See* MODEL RULES OF PROF'L CONDUCT R.1.3 (AM. BAR ASS'N 2015). Failure to respond to an order in a timely manner implies a lack of due diligence and professionalism in keeping track of important court documents for his client. *See* MODEL RULES OF PROF'L CONDUCT R.1.1 (AM. BAR ASS'N 2015). Here, Plaintiff's attorney has not shown proper due diligence in managing this case nor has he demonstrated any good cause for excusable neglect. To the contrary, Plaintiff has shown that he has ignored Court deadlines on more than one occasion. *See Rosario-Diaz v. Gonzalez*, 140 F. 3d 312, 315 (noting that a party ignores a court order at his peril).

Plaintiff cannot blame all the missed deadlines on Hurricanes Irma and Maria. As stated above, some of the deadlines were before the hurricanes. In any event, the Court was highly receptive to the devastating effects that the hurricanes had on attorneys and their workflow because of the dire situation in Puerto Rico. *Misc. Order 17-509*. As a result, the Court extended the deadlines various times. Indeed, the Court gave Plaintiff one last chance to respond to Defendant's motion, Docket No. 11, but, alas, he failed to respond.

Thus, the Court finds that Plaintiff did not show any good cause for excusable neglect. The Court warns Plaintiff's attorney to show diligence according to the Model Rules of Professional Conduct in the future.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of July, 2018.

<u>s/ Jay A. Garcia-Gregory</u>  
JAY A. GARCIA-GREGORY  
United States District Judge